IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCIO ORTIZ-CONTRERAS, | CIVIL NO. 1:CV-13-1454 |
| Petitioner | (Judge Rambo) |
| v. | |
| WARDEN J.E. THOMAS, | |
| Respondent | |

FILED
HARRISBURG, PA
JAN 1 4 2014
Gary L. Hollinger,
Acting Clerk

**MEMORANDUM**

I.  **Background**

This *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 was filed on behalf of Lucio Ortiz-Contreras, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), by a fellow inmate, Jose Cristobal Cardona ("Cardona"). Named as Respondent is USP-Lewisburg Warden J.E. Thomas. In addition to filing the petition on behalf of Petitioner, Cardona also filed, *inter alia*, a "motion for leave of court for filing next-of-friend habeas petition." (Doc. 3.)

By memorandum and order dated June 11, 2013, Petitioner was granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this matter, but the petition was dismissed for lack of standing because Cardona failed to establish "next friend" status. (Doc. 10.) Consequently, Petitioner, again through Cardona, has filed the instant motion for reconsideration. (Doc. 11.) For the reasons set forth below, the motion for reconsideration will be granted, with the

proviso that Cardona is not permitted to litigate this matter on behalf of Petitioner.

## II. **Discussion**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used

2

to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

In the instant action, by memorandum and order dated June 11, 2013, Petitioner was granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this matter, but the petition was dismissed for lack of standing because Cardona failed to establish "next friend" status. (Doc. 10.) Specifically, after setting forth the standard for establishing "next friend" standing, the court found that Cardona did not provide any reason that Petitioner could not bring a habeas petition on his own behalf or with the assistance of an attorney. Cardona's explanation did not offer any specific reasons why Petitioner lacks "access to legal assistance programs or prisoner-to-prisoner legal assistance" to prepare and file the instant petition, beyond "language barriers," barriers of which this court recognizes many *pro se* prisoner-petitioners face. While Cardona claimed he was acting on behalf of Petitioner because Petitioner has "language barriers," that alone did not circumvent binding judicial precedent to confer Article III standing upon Cardona for purposes of the instant petition. Further, Cardona claimed that

3

he met Petitioner in March 2013 when Petitioner arrived at USP-Lewisburg, but did not indicate any further relationship with Petitioner, familial or otherwise. As a result, the court concluded that Cardona had not established "next friend" status, and therefore the petition could not proceed.

Consequently, Petitioner, again through Cardona, filed the instant motion for reconsideration. (Doc. 11.) In the motion, Cardona argues that he was not seeking to litigate this action on behalf of Petitioner; rather, he was simply signing the habeas corpus petition on behalf of Petitioner. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), applicable to § 2241 petitions under Rule 1(b), requires that a § 2241 action must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Further, 28 U.S.C. § 2242 permits the filing of a habeas corpus petition by someone acting on behalf of the petitioner. The habeas petition in this case was not signed by Petitioner. (Doc. 1.) However, the accompanying *in forma pauperis* application is signed by Petitioner. (Doc. 2.) Because the *in forma pauperis* application was signed by Petitioner, under the provisions of § 2242, the signing of the habeas corpus petition by Cardona on Petitioner's behalf is acceptable.

However, while it may be that Cardona may sign the § 2241 petition on

4

behalf of Petitioner, the court has already determined through its analysis of Cardona's "motion for leave of court for filing next-of-friend habeas petition" (Doc. 3) that Cardona, a non-attorney, may not litigate this matter on behalf of Petitioner. (*See* Doc. 10.) Therefore, the court will grant the motion for reconsideration on the basis of Cardona's assertion with respect to signing the petition, but will not permit Cardona to litigate this matter on behalf of Petitioner.

An appropriate order will issue.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 14, 2014.