IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUCIO ORTIZ-CONTRERAS,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-13-1454 |
| v. | : | (Judge Rambo) |
| **WARDEN J.E. THOMAS,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

### I.  **Background**

This *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 was filed on behalf of Lucio Ortiz-Contreras, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), by a fellow inmate, Jose Cristobal Cardona ("Cardona"). Named as Respondent is USP-Lewisburg Warden J.E. Thomas. In addition to filing the petition on behalf of Petitioner, Cardona also filed, *inter alia*, a "motion for leave of court for filing next-of-friend habeas petition." (Doc. 3.)

By memorandum and order dated June 11, 2013, Petitioner was granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this matter, but the petition was dismissed for lack of standing because Cardona failed to establish "next friend" status. (Doc. 10.) Consequently, Petitioner, again through Cardona, filed a

motion for reconsideration. (Doc. 11.) On January 14, 2014, the court issued a memorandum and order granting the motion for reconsideration, vacating the June 11, 2013 order in part, and reopening the case. (Docs. 13, 14.) The court also directed Respondent to show cause on or before February 3, 2014, why Petitioner should not be granted relief. (*Id.*)

In the petition, Petitioner alleges that his constitutional rights were violated in the context of a disciplinary hearing. (Doc. 1.) Specifically, Petitioner challenges the findings with respect to Incident Report Number 2320566, a disciplinary action charged against him on June 22, 2012, while he was incarcerated at the United States Penitentiary in Pollack, Louisiana ("USP-Pollock"). (*See* Doc. 9, Ex. G.) This disciplinary action resulted in sanctions including, *inter alia*, the loss of forty-one (41) days of good conduct time towards his federal sentence. (Doc. 9 at 9, Ex. G.) As relief, Petitioner appears to be seeking either expungement of the disciplinary action or an opportunity to appeal the disciplinary hearing officer's ("DHO") finding of guilt. (*See* Doc. 1.)

Presently before the court is a suggestion of mootness filed by Respondent. (Doc. 18.) In the filing, Respondent informs the court that the USP-Lewisburg DHO has expunged Incident Report Number 2320566, and the forty-one (41) days of good conduct time are to be credited to Petitioner's sentence. (Doc. 18-1 at 1, J. Knepper

Decl.; Doc. 18-1 at 13, Attach. B.)  As a result, Respondent maintains that there is no remaining case or controversy.  Upon review, the court agrees with Respondent and will dismiss as moot the petition.

**II.   Discussion**

It is well-established that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the United States Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot.  *See, e.g.*, *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996); *see also* 13A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether

changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.").

Here, because Petitioner has already received the relief he seeks, namely expungement of the disciplinary action against him, he no longer has the requisite "personal stake in the outcome" of the litigation. *See Spencer*, 523 U.S. at 7. Accordingly, there is no case or controversy for this court to consider, and the petition should be dismissed as moot.

An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                              United States District Judge

Dated: February 27, 2014.